IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL GOLLAH,

    Plaintiff,

v.

CITY OF MILLERSBURG, a municipal Corporation, KEVIN KREITMAN, an individual, SHARON CHAPMAN, an individual, and BARBARA CASTILLO, an individual

    Defendants.

Case No. 6:18-cv-01412-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Samuel Gollah brings a claim under 42 U.S.C. § 1981 for racial discrimination against Defendants Kevin Kreitman, Sharon Chapman, Barbara Castillo, and the City of Millersburg ("the City"). Plaintiff also brings a racial discrimination claim under ORS 659A.030 against the City. Defendants move to dismiss, asserting that Plaintiff's amended complaint does not sufficiently allege facts to sustain either claim. Because Plaintiff has stated facts that, if true, entitle him to relief, Defendants' Motion to Dismiss, ECF NO. 16, is DENIED.

1 – OPINION AND ORDER

# BACKGROUND[1]

Plaintiff was hired as a Development Coordinator by the City on June 26, 2017. Pl.'s Am. Compl. ¶ 10, ECF No. 10. Plaintiff was the only African American employed by the City. *Id.* After the City hired him, Plaintiff learned that Defendant Castillo, then City Recorder and Administrator, asked Steve Hasson, then City Manager, if Hasson was going to advise the mayor that "he had hired a black man." Pl.'s Am. Compl. ¶ 11. This incident occurred in front of at least three other individuals. *Id.* Castillo retired shortly after making the comment. *Id.*

In October 2017, Hasson and six other employees signed a memorandum in which they expressed no confidence in the mayor. Pl.'s Am. Compl. ¶ 12. Shortly after, four of those six employees resigned, leaving Plaintiff as the only remaining City administrator. *Id.* Defendant Chapman was then hired as the Interim City Recorder and Castillo was brought back to assist in administration. Pl.'s Am. Compl. ¶ 13. *Id.* The City Council named Defendant Kreitman as the Interim City Manager.

On December 19, 2017, Kreitman asked Plaintiff to sign a three-month extension of his introductory period with the City. Pl.'s Am. Compl. ¶ 14. Plaintiff's introductory period was originally set to end on December 26, 2017. Pl.'s Resp. 7, ECF No. 20. The extension was allegedly to allow time for evaluation and training. Pl.'s Am. Compl. ¶ 14.

Kreitman called Plaintiff into his office on December 28, 2017. Pl.'s Am. Compl. ¶ 15. Kreitman informed Plaintiff that Chapman had made several accusations of inappropriate workplace behavior against Plaintiff. These accusations included pounding on a table with his

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

fist, yelling, using the "n" word multiple times, and specifically telling Chapman that he could not concentrate on his work because of her hair and eyes. *Id.* Plaintiff had never been advised of these alleged issues prior to the December 28 meeting. *Id.* Kreitman gave Plaintiff a choice to resign or be fired due to the accusations. *Id.* When Plaintiff refused to resign—expressing concern that the City had not conducted an investigation—Plaintiff was terminated. *Id.*

Following his termination, Plaintiff requested his personnel file. Pl.'s Am. Compl. ¶ 16. The file contained documents that accused Plaintiff of using the "n" word repeatedly in the office and making comments to female associates that were sexual in nature. *Id.* The file also contained emails from Castillo and Chapman, dated December 28, 2017, which Plaintiff alleges falsely accuse him of being rude toward a customer. *Id.*

Plaintiff now brings racial discrimination claims against each defendant, alleging that Kreitman, Chapman, and Castillo "intentionally deprived Plaintiff of the same rights to make and enforce contracts and enjoy all benefits, privileges, terms, and conditions of the contractual relationship of his employment with the City in violation of 42 U.S.C. § 1981." Pl.'s Am. Compl. ¶ 20–21. Further, Plaintiff alleges that the City had an "official policy or widespread or longstanding practice or custom of discrimination against African Americans in employment." Pl.'s Am. Compl. ¶ 22. Finally, Plaintiff brings a state racial discrimination claim under ORS 659A.030, alleging that the City "engaged in unlawful employment practices by extending [Plaintiff]'s introductory employment period, by falsely accusing him of misconduct including using racial slurs, and by terminating him because of his race." Pl.'s Am. Compl. ¶ 30.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendants move to dismiss Plaintiffs' amended racial discrimination claims, arguing that Plaintiff's amended complaint fails to meet the heightened pleading standard imposed by Fed. R. Civ. P. 8(a)(2).[2] Defs.' Mot. 2, ECF No. 16. Defendants set out the elements of a discrimination claim under 42 U.S.C. § 1981, mainly relying on *Campbell v. Knife River Corp.*, 783 F.Supp.2d 1137 (D. Or. 2011). Defendants argue that Plaintiff's claims must be dismissed because Plaintiff has not alleged facts that establish a prima facie case of discrimination under the *McDonnell Douglas* framework against any of the Defendants. *Id.* at 5–15; *see also*

---

[2] Claims brought under 42 U.S.C. § 1981 and ORS 659A.030 are analyzed under the same legal standards. *See DeWeese v. Cascade Gen. Shipyard*, No. 08-860-JE, 2011 WL 3298421 at *7 (D. Or. May 2, 2011) ("The same legal standards apply when analyzing claims brought pursuant to [ORS 659A.030, 42 U.S.C. § 1981, and Title VII].") Therefore, Plaintiff's federal and state claims are discussed together.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–803 (1973) (explaining a plaintiff's burden in establishing a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964). The cases cited by defendant, importantly, are cases in which a record was fully developed during summary judgment or at trial; they are not cases decided upon the filing of a pre-discovery motion to dismiss. *See* Defs.' Mot. 5–15.

In response, Plaintiff argues that he is not required to plead facts that establish a prima facie case under the *McDonnell Douglas* framework. Pl.'s Resp. 2. Instead, Plaintiff argues he has satisfied his burden under Fed. R. Civ. P. 8(a)(2) by pleading "a short and plain statement of the claim showing that he is entitled to relief." *Id*. This Court agrees with Plaintiff.

The Supreme Court addressed the proper pleading standard for employment discrimination claims in *Swierkiewicz v. Sorema N.A. See* 534 U.S. 506 (2002). In *Swierkiewicz*, a case involving discrimination claims brought under 42 U.S.C. § 1983, the Court ruled that a complaint in an employment discrimination lawsuit "need not include [specific facts sufficient to establish a prima facie case of discrimination under the *McDonnell Douglas* framework] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 534 U.S. at 508. The Court found that municipal liability under 42 U.S.C. § 1983 and employment discrimination fell outside the scope of the heightened pleading exception created by Fed. R. Civ. P. 9(b). *Id.* at 513. As a result, the Court ruled that "the Federal Rules do not contain a heightened pleading standard for employment discrimination cases." *Id.* at 515.

Following the Supreme Court's decision in *Swierkiewicz*, the Ninth Circuit concluded that there is "little doubt that *Swierkiewicz* governs complaints in section 1981 discrimination

actions." *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004). Further, the Ninth Circuit extended the holding in *Swierkiewicz* to "any claim in which the *McDonnell Douglas* framework is applicable." *Id.* In effect, a complaint asserting a claim for employment discrimination pursuant to 42 U.S.C. § 1981 "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting *Swierkiewicz*, 534 U.S. at 508).

In *Swierkiewicz*, the plaintiff brought employment discrimination claims based on the plaintiff's age and national origin under 42 U.S.C. § 1983 and satisfied the pleading standard by "detail[ing] the events leading to his termination, provid[ing] relevant dates, and includ[ing] the ages and nationalities of at least some of the relevant persons involved with his termination." 534 U.S. at 514. The Court ruled that those allegations both "give respondent fair notice of what petitioner's claims are and the grounds upon which they rest" and "state claims upon which relief could be granted under Title VII and the ADEA." *Id.*

Here, Plaintiff's complaint is similar to the plaintiff's complaint in *Swierkiewicz*. Plaintiff's complaint includes detailed events leading to Plaintiff's termination, provides relevant dates, and includes the ethnicities of at least some of the relevant persons involved with Plaintiff's termination. Therefore, like the allegations in *Swierkiewicz*, Plaintiff's allegations give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. Indeed, Defendants acknowledge in their reply brief that "notice is not the problem." Defs.' Reply 2, ECF No. 21. In addition, Plaintiff states claims upon which relief can be granted under Title VII and ORS 659A.030. Therefore, this Court finds that Plaintiff has satisfied the pleading standard under Fed. R. Civ. P. 8(a)(2).

## CONCLUSION

Plaintiff has satisfied his burden under Fed. R. Civ. P. 8(a)(2) to plead a short and plain statement of the claim showing he is entitled to relief. This Court disagrees with Defendants that a heightened pleading standard applies and that Plaintiff failed to meet the pleading standard. Therefore, Defendants' Motion to Dismiss Plaintiff's amended complaint, ECF No. 16, is DENIED.

IT IS SO ORDERED.

DATED this 27th day of November, 2018.

                                        ___s/Michael J. McShane_____
                                                Michael McShane
                                            United States District Judge